Your Honors, this case will be documented 2-14-4662, American Family Mutual Insurance v. Raquel Arndt, v. Rhino Construction & Excavating, and Eric Johnson, Defendant's Appellee, and Alia London, Ltd., now known as Kathleen London, Appellee. Arguing on behalf of Defendant Arndt, Attorney Mr. Brian Schroeder. Arguing on behalf of Defendant Pelley, Rhino Construction & Excavating, and Eric Johnson, Attorney Mr. Weldon Martinovich. Arguing on behalf of Appellee Alia London, Attorney Mr. Colleen Estello. Thank you. Mr. Schroeder. Good morning, Your Honors. Good morning. In the underlying Johnson matter, as we are in our briefs, the Circuit Court lacks the inherent power and therefore lacks the authority. Excuse me. I'm sorry. I'm having trouble understanding and hearing you right from the beginning. Okay. So speak a little more slowly, please. In the underlying Johnson matter, the Circuit Court lacked the inherent authority and therefore lacked subject matter jurisdiction to enter the $900,000 default judgment that it actually entered. So you're saying that was a void judgment in your opinion? It is void above $50,000. Yes, that is our position, Your Honor. All right. Is it also your position that the ad damnum clause did comply with 2604 with the Civil Code? No, it's our position that it did not comply. It did not? It did not. And why did it not? So it's not your position that it complied with 2604 but that there was no compliance with Supreme Court Rule 105? Both. It did not comply with Section 2-604. Why not? Because the ad damnum in both the initial and the amended complaints asked for relief in an amount necessary to satisfy the jurisdictional requirements of the court and for such additional amounts as the court or jury may find proper. The first clause was compliant with 2-604 because 2-604 says that you cannot seek relief in a personal injury case beyond the jurisdictional limit necessary for case assignment. That part's okay. We have no trouble with that. The second clause, and for such other sums as the court or jury may find proper, we submit that is not compliant with 2-604 because, again, 2-604 says you can only ask for the jurisdictional amount necessary for assignment. So that second clause went beyond what 2-604 allowed and that extra clause we submit should not be considered and is not in compliance with 2-604. Isn't that extra clause standard? It may be standard. Isn't that part of the statute? No, because the statute doesn't say you can also ask for above amounts above and beyond what the jurisdictional amount for assignment is. It simply says you cannot ask for anything beyond that. The fact that it is standard and maybe something that is commonly done doesn't make it compliant with Section 2-604. Your argument is interesting because it's essentially saying that the court has jurisdiction to enter a judgment for a dollar, but it lacks jurisdiction to enter a judgment for a dollar and a penny unless some magic words or smoke is blown over the complaint. Well, that's an interesting metaphor, Your Honor. I would submit, though, that first of all, yes, that is our position that you can only ask for what the statute says you can ask for, but the statute also gives you a mechanism to go beyond the addendum, and that is through Rule 105. But here that was not complied with, and I submit the defendants don't even attempt to argue that they provided proper notice under Rule 105. What the defendants will argue is that they didn't have to. And you just said something that is more on point. You said they didn't give notice. And notice, I assume you're referring to means to the opposing parties, not to the court. And so when you suggest that, it seems that you're suggesting that the court didn't have personal jurisdiction over the defendants to such an extent that it could render a judgment in excess of a dollar unless notice was sent to the parties. That is not subject matter jurisdiction. That's personal jurisdiction. So if you're talking about the reason why or the way in which subject matter jurisdiction could have been acquired was by sending notice to the parties, you created an oxymoron. Because subject matter jurisdiction is not based upon giving notice to parties. Personal jurisdiction is affected that way. So is your argument that there was lack of personal jurisdiction here such that the court could have entered a judgment against these parties but without notice, that there was in fact going to be a fair relief or a request for additional damages, that it couldn't be entered against these parties because they weren't given notice and an opportunity to be heard? What I'm saying, Your Honor, is that the circuit court did not have the power because 2-604 deprived it of the power to enter a judgment in default above the ad damnum. That is exactly what the court did. The court, 2-604 says it can be done if notice is given, if Rule 105 is complied with. It's not just, so I think, I understand your point. You're saying that notice to the defendant has nothing to do with the court's power. I think it does because 2-604 takes that power. Let's assume that this was a personal injury action and they didn't serve the defendants. Or if they served the defendants, they never served the defendants with an amended complaint indicating that now they wanted punitive damages or something like that. That doesn't mean that the court loses or never had subject matter jurisdiction. It means what you just said, which is that the court may not have the power to do it, but the lack of power relates to the lack of personal jurisdiction over the parties, not subject matter. You don't want to get too hung up on that because generally subject matter jurisdiction turns on whether the court has the authority under the Constitution to hear that class of cases. Here they did. So however you want to label it, I don't think that's the thrust of your argument. But I would like you to distinguish if you are familiar with the Supreme Court case of Caput v. Hulley. Have you read that? I have, Your Honor. And what's your impression of that? And if I can just add while you're doing that, how do you feel, if you can also address, how do you feel that Safety, Clean, and Dills support your argument if indeed they did not address the statute and the Supreme Court rule that are in play here? I will do all of that, hopefully. Okay. The Supreme Court decision in Caput that involved a prayer for relief in excess of $15,000, the default judgment was for $30,000. The Supreme Court said that that was essentially within the realm of reason and something that the defendant could reasonably expect to have entered against it. So going from $15,000 to $30,000 was okay. But even though technically it exceeded the original promise. It did exceed and Caput does not discuss 2-604 and the prohibition on receiving damage above the ad danum in a personal injury case. So I can't comment as to why the Supreme Court didn't address that or not. Supreme Court is what they say goes. But the essential point of Caput is to go from $15,000 to $30,000 is okay. And the Supreme Court in that case went out of its way to say we caution that this is not a guide. This does not mean that in future cases other amounts may be unreasonable. It's a function of the nature of the case, the relief sought, the amount issued, the amount sought, the amount awarded. It sort of undercuts your point. I mean, it's not a hard and fast rule. The fact that you go in and you prove of damages that exceed the original prayer is not a per se bar according to Caput, correct? There's some other factors you have to consider. That's what Caput says. It does not discuss the jurisdictional issue that we are raising. But in terms of why Caput doesn't apply here or is distinguishable, the ad danum here was for $50,000. The default judgment is for $900,000. That is 18 times the ad danum. Caput was $15,000 going to $30,000, which is double. So both in relative and absolute terms, Caput doesn't hold here because you're going from a very small amount of money to essentially a relatively similar and small amount of money. To go from $15,000 to $30,000 is, the Supreme Court said, is all right. But we submit that going from $50,000 to $900,000 crosses the line that Caput said does in fact exist. Just to clarify your point, when you say notice, you didn't have notice. Notice was given of the default motion, correct? You didn't have notice of the specific amount sought, but there's no question that you knew that the case was up for proof of, right, or for default. There was defective notice under Rule 105 because the notice that went out went out by regular mail. Rule 105 calls for service by certified mail or by personal service. So there was defective service, and in our position, no service. Now, you had notice, though, of the proof of for the damages. That was sent also by regular mail, which, again, we submit is not proper under Rule 105. But, I mean, there was some sort of communication that was attempted to be made, but we submit that it was not valid under Rule 105. As for dills and safety cleaning. Yes, how are they relevant here? They also, in dills, there the ad damnem was for $50,000, and the default judgment was for $250,000. The first district said that that was, again, too excessive and was too great a gap, essentially, to go from five times the default being five times the amount of the ad damnem was too much. They called it, to use the language from dills, the court said that it was prejudicial to the defendant and caused surprise. And the dills court said that it was void above the amount of the ad damnem, which would be $50,000. Safety clean, this court had a default motion that saw $250,000 in damages, and the default judgment was for a million. So that was four times the amount, and this court said that that was also improper and excessive, and used void terminology as well and said that that was void to the extent it exceeded the ad damnem. So it doesn't matter that these cases predated the rules that we're talking about here that apply in our case? That is, the Supreme Court rule and the statute? Safety clean did not predate the rule. The dills court noted that 2-604 was amended in the interim between new law and conduct. But it was not appropriate to apply it? Well, that's what the court said. It was not applying that amendatory language. But both cases still used the void language, and both cases still stand for the dollar comparison that we're drawing here. Caput had $15,000 to $30,000, which the Supreme Court said was okay. Dills had $50,000 to $250,000, which that court said was wrong and too excessive. And safety clean went from $250,000 to $1 million, and this court said that was wrong. So what is the rule you're asking us to announce then? Since you've obviously said Caput allows for some exception beyond what is put in. Four times is too much, five times is not. So what is the rule that we would announce that applies? The rule we seek here, which I think would be our pretension based on 2-604, is you cannot, no court has the power to enter a default judgment in a personal injury case above the ad damnum, absent compliance with Rule 105. Except that Caput doesn't say that, does it? No, but it does not say it either. It's silent on the ramifications or the jurisdictional issue. So can we as a federal court ignore the Supreme Court's decision that in some cases you can go beyond? How do we announce a rule that's contrary to that? There are times, well, first of all, the Supreme Court in Caput was silent on the jurisdictional issue. So if you make a ruling based on the jurisdictional arguments that are being presented to you today, you're not going to be going contrary to Caput. You're going to be doing something that the Caput court did not discuss. The other Supreme Court cases we've cited to Sperry, Ford v. Sperry and other cases, say subject matter jurisdiction not only is personal and subject matter. We don't deny any of that. Certainly the trial court had the power in the jurisdiction to hear a tort action. There's no doubt about that. But there's a third prong that Belleville and Sperry and pretty much all the jurisdiction cases talk about is the court's inherent power to enter the order at issue. But, you know, Sperry has been overruled as far as talking about inherent power. I mean, there's LVNV funding v. Trice 2015-116-129. Our Supreme Court said that that isn't the term that should be used. So we're really not talking about inherent power anymore. It is the subject matter jurisdiction that's the focus. Well, then, perhaps as we discussed in our brief, the Supreme Court in the People v. Brown case announced a rule that said if a trial court enters a sentence in a criminal matter that exceeds what it's authorized to enter, that is void above the amount or above the statutory authority. So if you can only enter, say, a five-year sentence and issue a ten-year sentence, that ten-year sentence is void to the extent it exceeds the five-year. I think that analogy applies here in the civil context because 2-604 is essentially the equivalent of a sentencing provision. If you cannot go above the addendum, then you can't. And that's something that hasn't been tested yet, but that analogy applies. And I don't think, I have not read that decision, Your Honor, but I don't think that that decision stands for the proposition that if the Supreme Court said we're eliminating that third element of jurisdiction, well, then I'm foreclosed by it. But I don't think that should be done here because otherwise what you're saying is 2-604 really doesn't, it's being gutted of efficacy. Are you claiming you were surprised by the amount? Of course. I mean, to go from $50,900, I think, would surprise anybody. Yes, but did you have notice of the nature and extent of the plaintiff's injuries? By you meaning American Family, no, because we were not a party to the underlying tort action. Mr. Reinhold Construction, the punitive insured, didn't because it didn't file an answer and took no action in the case. So it had no notice of that either. So, no, we didn't know, our insured didn't know, and we didn't know either in the underlying action. When did they find out? When did they find out? That would be a good question. I don't think the record explicitly states when they found out. We were certainly, as I said before, the notice of default was mailed to Reinhold and it was mailed to counsel for American Family and counsel for Aliyah London because by then the declaratory judgment actions had been initiated. But it didn't specify a dollar amount, so in that sense we didn't know. So something was afoot if you want to assume that was valid service, but we didn't. Pardon me. The record does not reflect a motion to vacate the $900,000 judgment filed within 30 days. Is that correct? Yes. Does the record reflect a 214-01 motion filed within two years of the date of the judgment? No. Does the record reflect the 214-01 filed at any time to attacking that judgment? No. But under the case law, when you're claiming an order is void, you need not file a 214-01 petition, and 214-01 itself says that it does not limit the ability to attack a particular judgment. I know that, but it also suggests that if you don't file a 214-01 either within or without the two-year period, it's kind of hard to point out to the court that it has done something relative to a void judgment that should be vacated. And you've indicated that there hasn't been a 214-01 filed at any time. Now, I said in the record, are you suggesting that there was a 214-01 filed outside the record? Outside this record? No, Your Honor. If there was, I would be bringing it to you because under the case law, you can ask judicial notice to be taken of filings and orders and other proceedings. It hasn't been done. But this is not a difficult case in the sense of you have the complaints that have their addendums, you have 604, you have the default judgment, obviously, and we have no evidence of compliance with Rule 105 and, in fact, affirmative evidence that there wasn't any because the notice of motions that we've submitted to you indicate that there was not proper service. So we have presented to the court all that there is and all that the court, we believe, needs to know to decide that this order, the default judgment, was entered in excess of its jurisdiction. And I know I'm done, so unless you have anything else. My final question, you're asking us to order a limited remand, as I understand it, right? Yes, Your Honor. If you accept our argument that the judgment, the default judgment, is void above $50,000, that calls into question the amount of the settlement that Mr. Johnson reached with all other defendants in the underlying case. But that argument stands and falls on whether or not we accept your position. Well, it does for that particular argument. But if you don't accept that position, Your Honor, it still is relevant because if the $900,000 judgment stands, the amount of the settlement that Mr. Johnson reached with the defendants in the underlying case is still important because that was offered as a set-off. And allowing $900,000 here, if we have to pay the whole amount, would give a double recovery to the plaintiff, which case law says is against public policy. Is it your position that the trial court applied the wrong test in looking at whether the suit, whether American Family filed a suit within a reasonable time? Do you think the trial court applied a different test other than the reasonable time test? I think the Supreme Court, I'm sorry, the circuit court did not consider all the factors. As this court stated in King's court, the status of the underlying case is a relevant factor. And if you read the circuit court's decision, it seemed, and that seemed like, it was focused almost exclusively on the fact that American Family filed a suit months after it had notice of the underlying injury, like 15, 18 months after notice of the injury. And that's sort of the beginning and ending of the circuit court's analysis. And we submit that that was incorrect because the status of the underlying case at the time we filed our deck action was still in its early stages of discovery. The principle of RINO, the punitive insured, had not even yet been deposed by the time American Family filed its deck action. And the case progressed for months after the deck action before it was actually settled. The court did not consider that. Its decision does not address that issue at all. And that's why we think it was erroneous. So I think the court... But not that she applied a different test? No, not the wrong standard. The court just, instead of considering all factors, the court considered just one and should have considered the totality of the circumstances, which is what we argue. Okay. You're saying she considered the quantity of time and not the quality of time? Yes, that's a good way to put it, Your Honor. Thank you very much. Ms. Costello, are you in? Are you first? Yes, thank you. Okay. Thank you, Your Honors. I represent ALEA London Limited. And ALEA issued a commercial general liability policy to RINO, which was also insured by American Family in this case. And ALEA had entered into a settlement agreement prior to trial with RINO and Johnson for $300,000, which gave ALEA the right to receive $300,000 if the declaratory judgment action trial was successful against American Families. That's why we have standing to participate in trial and hear an appeal. Is it your position that American Family had to file a 214-01 suit in order to attack the default judgment? Yes, I believe that it should have done so. That's what the Supreme Court has said. And what the statute says, that's the proper way to attack a judgment, including one that's void. And I think it's Sarkeesian that says that that's the proper manner to attack a judgment. So even though they contend the judgment was void and that can be attacked at any time, is there anything that says that it has to be done within the context of a 214-01 or 214-01 has to precede that? I believe Sarkeesian says that, if I'm correct. But even if it doesn't, I believe that the more important issue here is whether it was actually a void judgment or a voidable judgment. A void judgment can be attacked at any time. Right, right. There's no time limitation on a void judgment. So how is this then, how do you, you're saying it wasn't a void judgment, it was voidable? It was voidable. What authority do you rely on? Actually, right, preparing for this oral argument, I did come across the LVNB decision, where it discussed that once the court has subject matter jurisdiction and personal jurisdiction over a civil lawsuit, which is what we're dealing with here, then that is the, then it has jurisdiction and the power to issue any order. Now, whether or not that order is voidable is another question, but if it's a voidable order, it has to be brought within two years under 214-01, and a voidable judgment has to be taken. So do you take a position to ask a void question on whether or not this was, you're saying it's voidable in your opinion, right? Well, if you accept American Families' argument about 2604, which I think is arguable, whether they're correct, but even if they're correct, the time is long past to attack the judgment. I believe they would have had to bring a 214-01 petition by October of 2012. But I think that LVNB, it makes clear that there is no inherent power, which is what American jurisdiction issue, which is that's what American Families' reply brief relies upon to say that they had, that the judgment is void above 50,000. And then do you want me to discuss the 2604 and Rule 105 and why we believe that? Well, however you're dividing your time. Go ahead. Okay. You know, and I also think that under 2604, RINO had noticed that there was going to be, there was a potential for a judgment to be issued or entered that was above 50,000 by asking for additional amounts. And then Cape Point v. Hoey, obviously, that was discussed before. That case is, I believe, directly in point because once you ask for those additional amounts, you had noticed that there was a potential that a judgment would be entered in addition to the 50,000, the minimal jurisdiction. And then the court said to take into effect the, excuse me, the nature of the action pled, and the nature of the action pled was a serious injury on a job site. And $900,000, I believe, takes, is something that you could expect in a construction injury. What's your response to counsel's argument that there was defective notice? They got notice, but it wasn't in compliance with the rule. Well, I think my response to that is the Rule 105, I don't think that they were asking for anything more than what was in the complaint. So I don't think that that special, you know, the notice had to be provided, you know, through service or through certified mail. But now when you say they weren't asking for anything more than what was in the complaint, the language there was general language, was it not? There was no dollar amount. No. Okay. And counsel's contending that the second sentence or the second part of that sentence in 604 doesn't apply. That allowed for the excess? So how do you respond to that? Well, I think that Dobalina, the 2013 case that we cited, and Caput v. Hoey both addressed that issue of asking where a complaint says they're seeking additional amounts. They were both personal injury actions. And I think that both of those cases say the other side was on notice, that nothing more had to be done. So when it's alleged that in a dollar amount sufficient to satisfy the jurisdictional limits of this court and such additional amounts as the jury in the court shall deem proper, that's what gives the notice and obviates the need for 105 notice, is that right? Right. And I believe 105 says something along the lines of if you're going to plead something different, which wasn't necessary here. All that was necessary was to say that we're seeking additional amounts over the minimal jurisdiction. But now, I mean, don't we have to go further, though, when you have a default judgment and read the notice? Isn't the notice required when you have a default judgment, though, notwithstanding the language and such additional amounts? Right. I believe he did. Mr. Martinovich provided the notice, and I believe he provided the notice as proper because he wasn't seeking anything different than what was already in the complaint. But, again, I believe that it was a voidable order, so we've long passed the time to tap the $900,000 default judgment. And then also, throughout the brief, I believe that the only issue that hasn't been entirely waived by American Family by not raising it below is the estoppel issue. But even that estoppel argument brings up a concerted plan argument that, you know, arguing civil conspiracy out of selective testimony and trial. I believe that that should be waived. In addition, the standard urged by American Family in their brief as to estoppel, it should be a manifest way to the evidence standard because the court not only – and this was a mea culpa probably both by Alea, all parties. We didn't tell the court during trial, you need to apply this reasonable time standard. But it was clear that she considered all factors in her ruling, including the fact that American Family never admitted throughout trial that Reina wasn't insured, even though there was a certificate of insurance issued by a captive agent, and there was a history of the policy not including additional insurance added by endorsement. There was also – their in-house counsel investigated whether there were any additional insurance to the policy. Did American Family raise the issue of set-off in the trial court below? No. No, the only reason why the settlement agreement is even in the evidence is because Alea presented it to the court so we could be insured of having standing to participate at trial. So there was no request for set-off as to the underlying settlement, which I'll let Mr. Martinovich discuss that because I don't know much about it. But I do know a lot about the Alea settlement agreement. There will be no double recovery with that one – with that because they have to pay the $300,000 that they've already paid back to us. So there will only be one recovery. Is 10 minutes up? We've got one minute left. You know, one thing that I'd like to briefly discuss is even if this court finds that American Family was not accepted, there's an issue with – the only policy defense that they're relying on here is the other insurance clauses. Putting aside the fact of a comparison of the other insurance clauses here, we believe that American Family's mistake in failing to issue an endorsement shouldn't render our policy co-primary and basically reward somebody who made a mistake. But more importantly is because of the settlement agreement, our policy is not available. And then other insurance clauses only apply where there's another insurance policy that's going to pay. And if this – Alea's policy is unavailable to pay out because of the settlement agreement. I don't know if anybody has any more questions for me. I have one question. Going back for a minute to the reasonable time test, American Family relies on this employer's reinsurance versus Miller case. Isn't that case distinguishable in some way from this case? Wasn't there a failure to cooperate there on the part of the insured? Exactly. Yes. In that case, the insurer discovered through actual notice that there was a lawsuit pending. There had been no notice provided. And the insurer continually contacted the insured for information regarding the lawsuit and received no response. And after the notice was finally provided, I believe that they filed a DJ right after notice was provided. But in this case, American Family did nothing and in fact argued that Rhino was an insured throughout trial, was not an insured under the policy. Thank you. Thank you. Mr. Martinovich. Please report. I think the LVNB case really moves all of the issues with respect to the underlying judgment because the court did have personal jurisdiction over Rhino construction. And it had subject matter jurisdiction. And under the Supreme Court case that was rendered after the last reply brief in this case was issued, it makes it clear that that is in fact binding judgment. The issue was raised with respect to set-offs. And there are two set-offs. One set-off that's being sought is the one where the agreement of $300,000 exists between Johnson and LLM. As counsel indicated, there is no double recovery, so there should be no set-off. The case relied upon is distinguishable in that there the court were mandated to determine whether or not there was going to be a double recovery. Here, the settlement's on the table. We know there's no double recovery. Was the issue of set-off or set-offs presented to the trial court? No. We're talking about two different cases. The underlying case, the issue's been raised that was set-off there. First of all, there is nothing in the record to suggest that the court in the underlying case, who happened to be the same judge who rendered the decision in the DEC action, did not take into account the good faith settlement. Can you speak a little louder, please? Sure. I'm sorry. There's nothing in the record to indicate that the trial judge in the underlying case did not take into account the good faith settlement in arriving at the $900,000 judgment, and that's a red herring. It's also beyond the record here, and it's also precluded by virtue of the Supreme Court decision in the LVNV case because it's a final judgment. So we can't, what the American family's trying to do here is go behind and attack a judgment in the underlying case, something that didn't need to be raised in the trial court in the DEC action. But again, there's not one scintilla of evidence that the court in the underlying case did not take into account the good faith settlement. So there's no double recovery issue properly before this court. And beyond that, I think... Will you state that American family failed to file suit within reasonable time? Correct. Reasonable time is a relative term, I believe, unless no reasonable person would agree with the amount of time in context. So why was it not filed, or what is your argument relative to whether or not it was not within reasonable time? Sure. You have to look at the totality of circumstances. First, you have to consider the fact that American family learned of the injury on the date that it happened, and it did nothing. Then you have to consider the fact that it received notice of the third-party complaint in June or July of 2008. It conducted an investigation wherein it determined that Rhino was, in fact, insured at that time. It met with the agent who, in fact, authorized the insurance, and they chose to do nothing. And at the time they chose to do nothing in June or July of 2008, there was a trial date pending. This was not a substandard carrier. I think it's safe to assume that American family followed the file. There was another trial date that came and went with American family sitting on the sidelines, waiting for the case to disappear, hoping that it didn't have to come and defend. That happened three times. Three trial dates came and went, putting their insurer at jeopardy. It wasn't until there was an in-their-face demand to ensure that they filed a DEC action. So they lived 14 months, and three trial dates go by. But discovery was still ongoing at that time, wasn't it? Of course. Yes. Yes. And they knew it, and they knew what the type of discovery was. In fact, I'm not sure if this is in the record or not. I apologize if it's not. But there were requests made to the insurance companies to come and defend your insurer, this deposition schedule. They ignored it. I sent notice of the default to American family, even though they had not appeared. Basically, I was begging them to come and defend RINO, and they chose not to. I think when you take the totality of all those facts into consideration, Judge Mullen's decision is not against the manifest way of the evidence. Why should this case not be remanded, however? For what? I'll do this back. Counsel is asking that it be remanded for information regarding the amount of the settlement and then to be able to address the issue of set-off. Or contribution, let's say, pursuant to the Contribution Act. You're talking about in the underlying case, correct, Your Honor? Right. Well, the underlying case is too late. No 1401 petition was filed. They made a tactical decision not to challenge the judgment. They made a tactical decision not to move to vacate the judgment. They made a tactical decision not to file 1401. Now they're coming and saying, gee, we blew it, but we want a third bite at the apple. That's why it shouldn't be remanded, Your Honor. And I don't think the court has jurisdiction. You're going to remand it to the underlying case, the 2006 case? That's what would have to be done. Well, to find out the information about the settlement there. Well, they had the opportunity to raise it. They didn't. And there's nothing to indicate that it wasn't taken into account. There's nothing to indicate that there is a double recovery. And I can tell you it wasn't, but that's outside the record, too. That was there. But as a practical matter, if they don't pay and you decide to levy or execute on the assets of the insurance company, would they at that time have the right to claim a set-off? No. I'm sorry. And reduce the amount of the execution? No. We've got a valid binding judgment, but one that cannot be challenged according to the Supreme Court in the L.V. I didn't say you didn't have a valid binding judgment. And I'm just suggesting that if you've received or if the plaintiff has received satisfaction from one of the joint or several joint and several tortfeasors, then why can't a last or several of the last joint tortfeasors claim a set-off, such that there wouldn't be a double recovery? Well, a set-off against the judgment. Okay? The judgment was entered after the good-faith finding, so the judgment presumably took into account the good-faith finding and is the amount that they're liable for. I think the American family opens their brief by saying whether or not we're liable for the $900,000 depends on whether this judgment is void or not. And I agree with them. And this judgment is not void, and they're liable. Any other questions? No. Thank you. Mr. Schroeder. Can you address the issue of double recovery in the region that we were just talking about, please? Yes. The Bini case that we cited in that brief is a situation very similar to this, where there were two insurers that were contesting coverage. One of them settled with the plaintiff, undisclosed amount. The first district said, we're going to remand because we need to know the amount of that settlement, because it was for the same injury that the plaintiff was seeking recovery from the second insurer, and the court said we're not going to allow double recovery. That makes sense under general provisions, but what about his arguments, it's not time, it's too late? When the default judgment was entered, there had already been a settlement. I mean, that's obvious. The American family is liable for the amount of the judgment that is legally obligated to pay as the contract language. They're not legally obligated to pay $900,000 if that amount should be reduced by a settlement with other defendants. It should be reduced by that amount, because while obviously settlements are favored, as this court has recognized in cases we've cited in our brief, the rights of non-settling parties have to be respected, too. And there should not be a double recovery against public policy. So there should not be a windfall, so to speak, for Mr. Johnson. He should get what he's due, but no more. And Mr. Martinez said there's no evidence. The circuit court did not consider the settlement. The default order, the judgment order, says $900,000. This court has heard testimony from the plaintiff, considered exhibits and an affidavit. It doesn't say, and I also considered the fact that there was a settlement for X dollars. I don't even think the court was apprised of the amount of the settlement, so I don't even think you could say the court considered the amount, because settlement amounts generally, I actually have to take that back, there was a good faith finding, so the court was in fact apprised of the settlement amount. But the default judgment order doesn't say. If the 900,000 was in fact based upon a reduction in the settlement amount, then that's it. That isn't what I'm referring to. You said that the trial court came up with a good faith finding, so that meant that the trial court had to be apprised of the amount of the settlement. And if the trial court was apprised as to the amount of the settlement, why isn't that in the record? I cannot answer that, Your Honor. I was not trial counsel. The point is that you assume that the trial court was apprised of what the amount was, even though it's not in the record, by the fact that this person made it, or this judge made a good faith finding. And you're assuming that the judge didn't commit error. Are you not? Because you're assuming or creating a premise that is implicit but not necessarily been established. And that is that in making the good faith finding, it was based upon something that's not contained in the record, which is the amount of the settlement. That is correct, Your Honor. Thank you. But in the interest of public policy, being against a double recovery, I mean, the censors say no harm, no foul here. If there was, or what do they have to hide to be more pejorative? Not that I'm accusing Mr. Martinez of anything. But if the order itself doesn't reflect a consideration of the settlement amount, so I think it's a fair question to say that it wasn't considered. The court heard testimony and came up with a number of $900,000 based on testimony by the plaintiff, exhibits, and an affidavit. But again, if the court had said, and I consider the set-off amount, the court would have, I think, it's fair to assume the court would have said, and I know that there was a settlement of acts, and having considered that, the judgment is now reduced. Since that isn't there, I think it's fair to say that didn't happen. You were not there when it was entered, obviously, right? No, Your Honor. No, and in fact, American Family wasn't there, and Mr. Johnson himself wasn't there because, I'm sorry, Reino wasn't there because it wasn't, it took no action. Well, whose burden is it to provide a complete record? I agree and admit that it's the appellant's burden to provide a sufficient record and appeal, and we have to live with that. I think on the facts of this case, though, again, because there is a strong public policy against double recovery, we should be allowed to go back to the trial court to hash this issue out. It's not, we're not seeking, I don't think, anything unfair. We're just, again, the plaintiff should get what he's due, but that's it. Well, that makes general sense, but does that trump procedural requirements of the appeal process? Well, that's what we're here to decide, Your Honor, because I understand the rules of waiver and the rules of there being an incomplete record. I've done this many years. I know those rules, but I also know that the countervailing principles of, again, double recovery and public policy can overcome the waiver doctrine. Is there any impediment to American Family requesting a set-off due to a settlement in a separate proceeding? I mean, that's a separate lawsuit that Mr. Johnson brought. It is a separate lawsuit, Your Honor, but, I mean, this is an insurance coverage case. They are linked. I mean, they are inextricably interlinked. The underlying judgment, of course, drives the damages at issue in this coverage action. So for that reason, yes, I think it doesn't have to be remanded to the underlying case. I don't think it needs to be. That case is gone, over. It should be remanded in the context of the declaratory judgment action for the proceedings to be taken to decide what was done in the underlying settlement because, again, that drives the damages recoverable here. With reference to our last discussion about the trial judge that made the reasonable finding, was that the first case, the default trial hearing, where she, in granting, or the judge, whoever it was, granting the $900,000 judgment, also came up with the statement that it was reasonable? It was the same judge in both proceedings. It was Judge Margaret Mullen in the underlying Johnson tort action and this declaratory judgment case. But my point is that what I'm trying to get clear in my mind is, was the statement that we were referring to in the original proceeding or in this proceeding? About American Families Conduct being reasonable? No, about whether or not the settlement was reasonable. It would have to have been in the underlying case when the good faith order was entered because that order. The underlying case is the original case. Correct. That order is in the record and that is where the judge would have said that the settlement amount is fairly reasonable because that's necessary, obviously, for the good faith finding. Do you have any knowledge or authority as to whether or not Fauch v. O'Brien requires an appellant to provide a record of a case that is not the case that's on appeal? No. Fauch says that it's the duty of an appellant to provide a complete record. And Fauch was not in the context of essentially a case within a case, which is what a declaratory, which is what a coverage action is about. Any other further questions? No. Thank you. Thank you, Your Honor. If I may, could I make just one, like, 30-second comment about the staff order? We'll give you a full minute. Pardon me? We will give you a full minute. Thank you. Thank you very much. Mr. Martinder said that three trial days came and went. I mean, that's true. I'm not denying that. But that's not a deep enough analysis. What actually happened in the interim? As he said, discovery was ongoing. As I said before, Mr. Chevalier, who was the principal of RINO, had me up and deposed by the time that the American family filed its declaratory judgment action. The case went on for months after this declaratory judgment action was filed. The court didn't consider any of that. And we submit that the case, the underlying case, was not at a posture where anything significant was happening. And the American family acted reasonably to find suit when it did, because it filed suit months, if not almost a year, before the settlement was entered. And nothing of substance happened in the case at all that happened either before or after the American family came in. We think that that is an important consideration that should allow the American family to raise its coverage offenses. And the judge was incorrect in invoking the asylum doctrine against it. And no one followed. Then you're just saying discovery is nothing of substance? Not that discovery is nothing of substance, but the fact that the principal of the putative insurance had not even been deposed when the American family filed its declaratory judgment action is something that really should be considered. And it wasn't. Thank you. Thank you, Your Honor. The court's in recess. Is there other referral? At least one.